# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA BLANCA de PUNTA MITA, Sociedad Anonima de Capital Variable, a Corporation formed under the laws of the United Mexican States,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. RAYMENT, an individual; FALCON INVESTMENT, LLC, an Oklahoma Limited Liability Company,<br><br>Defendants. | No. 3:18-cv-2297-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants Brian J. Rayment and Falcon Investment, LLC. (ECF No. 7).

**I.    Background**

On October 3, 2018, Plaintiff Casa Blanca de Punta Mita, Sociedad Anonima de Capital Variable (Casa Blanca de Punta Mita), initiated this action against Defendants Brian J. Rayment and Falcon Investment, LLC (Falcon) by filing the Complaint. (ECF No. 1).

On November 5, 2018, Defendants filed a Motion to Dismiss. (ECF No. 7).

On November 26, 2018, Plaintiff filed an Opposition. (ECF No. 8). On December 4, 2018, Defendants filed a Reply. (ECF No. 11).

## II. Allegations of the Complaint

The Complaint alleges that an Oklahoma state court improperly exercised jurisdiction over a foreign corporation and real property located in Mexico. Plaintiff seeks declaratory relief in the form of "a judicial declaration by this Court on the validity of the exercise of judicial power by the Oklahoma state court on foreign entities and real property in Mexico." (Complaint, ECF No. 1 at 2).

Plaintiff is a Mexican corporation with "no ties or interests in the United States and has never done business or owned property in the United States." (Complaint, ECF No. 1 ¶ 1). Defendant Falcon is an Oklahoma limited liability company "and the purported assignee of a judgment entered in favor of Rayment by the District Court for Tulsa County, state of Oklahoma." *Id.* ¶ 3. The Complaint alleges that Defendant Rayment "is a citizen of the United States of America, possessing real property in California and conducting business in the State of California." *Id.* ¶ 3. The Complaint alleges that:

> Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based were orchestrated from the State of California and defendant is subject to personal jurisdiction in this judicial district. The Southern District of California is also the closest Federal District Court to Mexico were the real property at issue is located.

*Id.* ¶ 6.

## III. Facts

In 1999, Defendant Rayment advised Mr. Francis on the formation of The Francis Trust, an irrevocable trust created under the laws of the Turks & Caicos. (Chaffe Decl., ECF No. 8-2 ¶ 2). Plaintiff provides in the declaration of Colin Chaffe that Mr. Chaffe "met Mr. Rayment on at least one occasion in California[,]" that "Mr. Francis executed the trust instrument in California[,]" and that "Mr.

Rayment advised Francis in California, as his retained attorney, on the formation of the trust . . . ." *Id.* ¶¶ 3, 18. The Francis Trust owns Island Films, Ltd. and Summerland Holdings. Ltd. *Id.* ¶ 15. Island Films, Ltd. and Summerland Holdings. Ltd. own Casa Blanca de Punta Mita, a Mexica corporation that owns real property located in Bucerias, Bahia de Banderas, Nayarit, Mexico. *Id.*

Defendant Rayment was served with process in this matter on October 14, 2018, in Tulsa, Oklahoma. (ECF No. 4). Rayment states in his declaration that he is domiciled and maintains a law office in Tulsa, Oklahoma. (Rayment Decl., ECF No. 7-2 ¶ 2). Rayment states that he is not licensed to practice law in California, has no employees in California, has no bank accounts in California, and the only property he owns in California is a "vacation house" in Riverside County. *Id.* ¶¶ 2–5.

Rayment is the Managing Member of Defendant Falcon. *Id.* ¶ 6. Rayment states that Falcon is an LLC formed pursuant to the laws of the state of Oklahoma, is not qualified to do business in California, has never done business in California, and has no subsidiaries that do business in California. *Id.*

## IV. Contentions

Defendants contend that this Court lacks personal jurisdiction over Defendants.[1] Defendant Rayment contends that he is domiciled in Oklahoma, and that his vacation home in Riverside County and business dealings in California are insufficient to establish either specific or general jurisdiction. Defendant Falcon is an Oklahoma corporation operated by Rayment with no ties to California. Rayment contends that "[i]t would be unreasonable to require [Defendants] to defend this action in courts within California because all the events underling Plaintiff's claims occurred in Oklahoma. California has no interest in providing a forum for the resolution of Plaintiff's claims . . . ." (Rayment Decl., ECF No. 7-2 ¶ 13).

---

[1] Defendants also contend that dismissal is appropriate under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court does not reach these arguments in this Order.

Plaintiff contends that the Court has general jurisdiction over Defendant Rayment because "Plaintiff believes that Rayment . . . . [P]ossesses clients aside from his representation of Plaintiff and The Trust in this state and has sought out business in this state, meeting clients in his home here." (ECF No. 8 at 24–25). Plaintiff contends that specific jurisdiction also exists because "Rayment directed the formation of Plaintiff itself as an attorney practicing in California for a California client." *Id.* at 26. Plaintiff asserts that it would not upset notions of fair play and substantial justice for Defendants to have to defend the action in this forum because "Rayment is clearly a sophisticated individual, an experienced attorney and aware that he will be able to proceed electronically with filing any legal papers and would only need to appear for trial or evidentiary hearings." (ECF No. 25 at 26).

## V. 12(b)(2) Standard

On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Exch. v. Portage La Prarie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdictional facts to satisfy this burden. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true. *AT&T v. Campagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Conversely, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). If conflicting affidavits are submitted, "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Compagnie Bruxelles Lambert*, 94 F.3d at 588 (quotation omitted).

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). California's long-arm statute permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Cal. Code Civ. Proc. § 410.10. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Dole Food Co.*, 303 F.3d at 1110. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under the due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

### a. General Jurisdiction

To exercise general jurisdiction over a non-resident defendant, the defendant must have "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations and internal quotations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

Rayment states in a sworn declaration that he is domiciled and licensed to practice law in Oklahoma, is not licensed to practice law in California, does not maintain an office in California, has no employees residing or domiciled in California, has no bank accounts in California, and the only property he owns in California is a vacation house in Riverside County. (Rayment Decl., ECF No. 7-2

¶¶ 2–5). The Court finds that even if Mr. Chaffe met Rayment in California and executed the trust instrument in California, Plaintiff has failed to make a prima facie case that Rayment's activities in California are sufficiently "continuous and systematic" to subject Rayment to general jurisdiction in California. *See Fred Martin Motor Co.*, 374 F.3d at 801.

Defendant Falcon is a limited liability company formed pursuant to the laws of the state of Oklahoma with its principal place of business in Oklahoma. Plaintiff makes no allegation that Falcon has ever done business in California. The Court finds that Plaintiff has failed to make a prima facie case that Falcon is subject to general jurisdiction in California. *See Fred Martin Motor Co.*, 374 F.3d at 801.

### b. Specific Jurisdiction

To exercise specific jurisdiction over a non-resident defendant, Courts employ a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Dole Food Co.*, 303 F.3d at 1111. The plaintiff bears the burden of satisfying the first two prongs of the test. *Fred Martin Motor Co.*, 374 F.3d at 802. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Id.* If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

In this case, Plaintiff asserts that this Court should exercise specific jurisdiction over Defendant Rayment because he is a sophisticated individual and

directed the formation of Casa Blanca de Punta Mita as an attorney practicing in California for a California client. (ECF No. 8 at 26). Plaintiff is a Mexican corporation who "has no ties or interests in the United States and has never done business or owned property in the United States." (Complaint, ECF No. 1 ¶ 1). The individual for whom Rayment created Casa Blanca de Punta Mita may be a "California client," but that individual is not a party to this action.[2] Plaintiff's Complaint seeks this Court's review of an Oklahoma state court's adjudication of a dispute involving Defendant Rayment, an Oklahoma resident, a residence in Mexico, an individual named Joseph R. Francis, and various Mexican corporations. (Complaint, ECF No. 1 ¶ 1). Rayment's vacation home in Riverside County and Rayment's physical presence in California when he provided advice on how to form Casa Blanca de Punta Mita, a Mexican corporation in Mexico, do not form a sufficient basis for specific jurisdiction. The Court finds that Plaintiff has failed to make a prima facie case that Rayment "purposefully availed" himself to this forum, and that the allegations in the Complaint "arise[] out of or relate[] to the defendant's forum-related activities." *See Burger King Corp.*, 471 U.S. at 475 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . attenuated contacts") (internal quotations omitted); *Dole Food Co.*, 303 F.3d at 1111. The Court finds that it does not have personal jurisdiction over Defendant Rayment.

Plaintiff alleges no contacts between Falcon and the state of California. Accordingly, the Court finds that Plaintiff has failed to make a prima facie case that Falcon has had minimal contacts with this forum. *See Fred Martin Motor Co.*, 374 F.3d at 802. The Court finds that it does not have personal jurisdiction over Defendant Falcon.

### VI. Jurisdictional Discovery

---

[2] Plaintiff also states that Rayment "advised on the creation and funding of The Trust from California, meeting the Trustee in California." (ECF No. 8 at 26). Neither the Francis Trust nor the Trustee are parties to this action.

7

"A court may permit discovery to aid in determining whether it has in personam jurisdiction." *Data Disc, Inc.*, 557 F.2d at 1285. Plaintiff requests jurisdictional discovery to establish general jurisdiction for Defendant Rayment. Plaintiff asserts that Rayment "possesses clients aside from his representation of Plaintiff and The Trust in this state and has sought out business in this state, meeting clients in his home here." (ECF No. 8 at 24–25). Other than a single instance of Rayment meeting with a client documented in Mr. Chaffe's declaration, Chaffe Decl., ECF No. 8-2 ¶ 3, Plaintiff alleges no specific facts indicating Plaintiff would be able to meet the "exacting standard" necessary to show that Rayment maintains "continuous and systematic general business contacts" in California sufficient to "approximate physical presence in the forum state." *See Fred Martin Motor Co.*, 374 F.3d at 801. Plaintiff's contention is also belied by Rayment's testimony that he is not licensed to practice law in California, does not maintain an office in California, has no employees residing or domiciled in California, and has no bank accounts in California. (Rayment Decl., ECF No. 7-2 ¶¶ 2–5). The Court declines to grant Plaintiff jurisdictional discovery. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (district court did not abuse its discretion denying discovery request "based on little more than a hunch that it might yield jurisdictionally relevant facts"); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

**VII. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 7) is GRANTED. No later than twenty (20) days from the date this Order is filed, Plaintiff may request leave to amend pursuant to Local Civil Rules 7.1 and 15.1(c). If Plaintiff does not file a motion for leave to amend the complaint within twenty

1 | days, the Court will order this case to be closed.

2 | Dated: March 20, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court